CATHERINE CORTEZ MASTO
Attorney General
KERRY BENSON
Deputy Attorney General
Nevada Bar No. 9970
Attorney General's Office
100 North Carson Street
Carson City, Nevada 89701-4717
(775) 684-1114
Attorneys for Defendant
Ross Miller, Secretary of State

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SHARRON ANGLE, an individual, WE THE PEOPLE, a Nevada Ballot Advocacy Group, and CITIZENS IN CHARGE, a National Foundation,<br><br>    Plaintiff,<br><br>vs.<br><br>ROSS MILLER, in his official capacity as Secretary of State for the State of Nevada,<br><br>    Defendant. | CASE NO. 2:09-cv-01969-JCM-LRL<br><br>**ORDER** |

Presently before the Court are Defendant Secretary of State Ross Miller's Motion for Summary Judgment (#13), and Plaintiffs' Motion for Summary Judgment (#14), both filed on April 12, 2010. Each party opposed the other's motion (docket #16, 17). Defendant Miller replied to Plaintiffs' opposition (#18). The Court held a hearing on this matter on June 30, 2010, and heard arguments from the parties' counsel.

## DISCUSSION

Plaintiffs mount a facial challenge to Nevada's All Congressional Districts Rule on Equal Protection and First Amendment grounds. They also attack the circulator affidavit

requirements, particularly the requirement that the circulator swear that he or she believes each of the signers to be a registered voter in the county in which the signer resides. See Second Amended Complaint, p. 20, ll. 22-27; p. 21, ll. 6-11.

A. <u>The "All Petition Districts Rule" Does Not Violate Equal Protection.</u>

The citizens of Nevada have reserved to themselves the right to enact statutes and amend the Nevada Constitution through the initiative and referendum process. Nev. Const. Art. 19, § 2. Like voting in elections, ballot initiative regulations are subject to equal protection guarantees under the Fourteenth Amendment. *Idaho Coalition United for Bears v. Cenarrusa*, 342 F.3d 1073, 1076 (9th Cir. 2003). Regulations that dilute voting power are prohibited. *Moore v. Ogilvie*, 394 U.S. 814, 818 (1969).

Nevada has three congressional districts. Plaintiffs concede that the districts have approximately the same population. However, they argue that the "All Districts Rule" violates equal protection because it gives one district the power to "veto" the other two districts. See Second Amended Complaint, p. 3, ll. 1-6. The Secretary argues that the All Districts Rule is not discriminatory because the districts each have nearly equal populations, so no one district has any mathematical advantage over any other.

The Court finds merit in the Secretary's position. The All Districts Rule treats all people equally, regardless of which district they reside in, because they each have nearly equal populations, so an approximately equal number of signatures is required from each district. Unlike county-based rules, which gave more weight to rural voters' signatures, all signatures are given the same weight under the All Districts Rule.

Furthermore, the fact that signatures are required from all districts does not create vote dilution. This kind of unanimity rule has been upheld by several courts, each of which recognized that, despite the requirement for unanimity, the system was not discriminatory. *Libertarian Party of Virginia v. Davis*, 766 F.2d 865, 868 (4th Cir. 1985); *Libertarian Party v. Bond*, 764 F.2d 538, 544 (8th Cir. 1985); *Udall v. Bowen*, 419 F.Supp. 746 (D.C.Ind. 1976).

The Court finds that the All Districts Rule does not violate the equal protection clause and therefore grants summary judgment in favor of Defendant Secretary of State on Plaintiff's

Third Claim for Relief.

B. <u>The All Districts Rule does not violate the First Amendment.</u>

Plaintiffs' Fourth Claim for Relief asserts that the All Petition Districts Rule deprives them of free speech, the right to freedom of association, and the right to petition the government for redress of grievances. See Second Amended Complaint, p. 20, ll 1-15.

"States allowing ballot initiatives have considerable leeway to protect the integrity and reliability of the initiative process, as they have with respect to election processes generally." *Buckley v. American Constitutional Law Foundation, Inc.*, 525 U.S. 182, 191 (1999). Reasonable, nondiscriminatory restrictions on the election process are constitutional if they advance the State's important regulatory interests. *PEST Committee v. Miller*, 648 F.Supp.2d 1202, 1215 (D.Nev. 2009) (citing *Burdick v. Takushi*, 504 U.S. 428, 434 (1992)).

The Ninth Circuit explains that "the burden on plaintiffs' rights should be measured by whether, in light of the entire statutory scheme regulating ballot access, 'reasonably diligent' candidates can normally gain a place on the ballot, or whether they will rarely succeed in doing so." *Nader v. Brewer*, 531 F.3d 1028, 1032 (9th Cir. 2008); see also *Meyer v. Grant*, 486 U.S. 414, 423 (1988) (reduced chance of getting enough signatures to get initiative petition on the ballot one reason why Court found a severe burden).

Plaintiffs' Fourth Claim for Relief, to the extent it is based on the premise that it severely burdens First Amendment rights by diluting votes, fails because the Court finds that the All Districts Rule does not result in vote dilution. As explained above, the rule does not cause vote dilution, therefore it imposes no burden on the right to vote.

The All Petition Districts Rule imposes only a slight burden on petition proponents. First, it does not reduce the total quantum of speech. If anything, it increases the quantum of speech because it requires signatures to be gathered in all petition districts, thereby increasing the "audience" of potential signers. Second, it is general and content-neutral, because it applies to all state-wide initiative petitions, regardless of their subject matter. Finally, since Nevada has only three congressional districts, the requirement is *minimally* burdensome.

The rule advances Nevada's important interest in ensuring a modicum of statewide support for a ballot initiative. Nevada is a large, geographically and demographically diverse state. Direct legislation through the initiative process affects all Nevadans, either by enacting statewide statutes, or by modifying the Nevada Constitution. Therefore some showing of statewide support is necessary to prevent the ballot from being cluttered with items of primarily local interest, but with state-wide impact. The All Districts Rule advances that important interest by requiring signatures in all districts. It therefore does not violate the First Amendment.

Furthermore, other than to mention them in their Fourth Claim for Relief, Plaintiffs do not describe how they are prevented from associating freely or petitioning the government for redress of grievances. The right of association is implicated when dealing with laws regulating voting for candidates. But initiative petitions involve voting on issues, not associating with a party or a candidate. *See Biddulph v. Mortham*, 89 F.3d 1491, 1500, n. 10 (11th Cir. 1996) (material difference in initiative ballot access and candidate ballot access). Nothing about the All Districts Rule prevents proponents from associating with anyone.

Furthermore, state regulation of the initiative process does not violate any federal right to petition the government for redress of grievances. As the Eleventh Circuit explained:

> [I]n the initiative process people do not seek to make wishes known to government representatives but instead to enact change by bypassing their representatives altogether. We are aware of no case that has held that state initiative regulations implicate the "right to petition the government for redress of grievances."

*Biddulph*, 89 F.3d at 1497.

Accordingly, the All Districts Rule does not violate the First Amendment, and the Secretary is entitled to summary judgment on Plaintiffs' Fourth Claim for Relief.

C.  The Circulator Affidavit.

Plaintiffs attack the requirements of Nev. Const. Art. 19, § 3(1), NRS 295.0575, and NAC 295.020 that circulators execute an affidavit stating that the signers are, or that they believe them to be, registered voters in the counties in which they reside. Plaintiffs argue that the affidavit requires them to attest to information that they cannot personally know to be true,

Office of the
Attorney General
100 N. Carson St.
Carson City, NV
89701-4717

4

and therefore forces them to self-incriminate themselves of perjury, in violation of the Fifth Amendment (First Claim for Relief). They also argue that this affidavit imposes a severe burden on their First Amendment rights (Second Claim for Relief).

It appears that the affidavit requirement in Nev. Const. Art. 19, § 3(1) was struck down by the Nevada Supreme Court in *Heller v. Give Nevada A Raise, Inc.*, 120 Nev. 481, 487-88, 96 P.3d 732, 736 (2004). Following the U.S. Supreme Court decision in *Buckley v. American Constitutional Law Foundation, Inc.*, 525 U.S. 182 (1999), the Nevada Supreme Court held that the affidavit requirement imposed a severe burden on political speech because it required either that the circulator be a registered voter, or that a registered voter accompany the circulator at all times, and be willing to execute the affidavit. *Give Nevada A Raise*, 120 Nev. at 487-88, 96 P.3d at 736.

As for the affidavit requirement in NAC 295.020, the Court need not reach Plaintiffs' constitutional challenges. The Court finds that the regulation is unenforceable to the extent that it is inconsistent with NRS 295.0575.

That statute requires that the circulator affidavit contain four things: (1) that the circulator personally circulated the document; (2) the number of signatures thereon; (3) that all the signatures were affixed in the circulator's presence; and (4) that each signer had an opportunity before signing to read the full text of the act or resolution on which the initiative or referendum is demanded. NRS 295.0575. However, the regulation additionally requires the circulator to swear or declare under penalty of perjury "that I believe each person who signed was at the time of signing a registered voter in the county of his residence." NAC 295.020(2)(b).

The Court therefore finds that NAC 295.020 is invalid and unenforceable to the extent that it requires circulators to attest to matters other than those found in NRS 295.0575.

## CONCLUSION

IT IS THEREFORE ORDERED that Defendant's Motion for Summary Judgment (#13) is GRANTED IN PART and DENIED IN PART;

////

Office of the
Attorney General
100 N. Carson St.
Carson City, NV
89701-4717

1  IT IS FURTHER ORDERED that Plaintiffs' Motion for Summary Judgment (#14) is
2  GRANTED IN PART and DENIED IN PART.
3  DATED: July 8, 2010.

  *[signature]*
  UNITED STATES DISTRICT JUDGE

6  Respectfully Submitted:
7  CATHERINE CORTEZ MASTO
   Attorney General

9  By: *[signature]*
    KERRY BENSON
    Nevada State Bar No. 9970
    100 North Carson Street
    Carson City, Nevada 89701-4717
    (775) 684-1114
    Attorneys for Defendant
    ROSS MILLER, Secretary of State